**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**       JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-0077 DOC (ANx)                                              Date: June 23, 2010

Title: ORANGE COUNTY v. THOMAS JENKINS

---

DOCKET ENTRY
     [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                               Not Present
   Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER REMANDING CASE TO ORANGE COUNTY
                                  SUPERIOR COURT

      Before the Court is Defendant Thomas Jefferson Jenkins IV's Notice of Removal, filed with this Court on January 19, 2010. Defendant identifies the state cases from which he seeks removal as NPB 09-12448, 53506CM, and O2HM0969. On June 3, 2010, the Court issued an order to show cause why this action should not be remanded. *See* Dkt. 2.

      As stated in the order to show cause, Defendant's Notice of Removal was patently deficient, as Defendant failed to attach all state court pleadings and failed to identify all parties involved in his three state court cases, the date these cases were filed, or the date when he first discovered they were removable.

      Defendant also failed to include a short statement regarding the basis for jurisdiction, and none appeared from the little information Defendant attached to the Notice of Removal. As such, the Court issued an order to show cause to set forth the details necessary for the Court to assess whether notice of removal was proper. "The burden of establishing federal jurisdiction is on the party seeking

MINUTES FORM 11 DOC                                          Initials of Deputy Clerk sdm
CIVIL - GEN                                                              Page 1 of 2

removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court gave Defendant fourteen (14) days to respond, which passed on June 21, 2010. The Court has received no response to date. Defendant has not met his burden.

Finally, the case numbers given by Defendant as to his state court cases is incomplete. The Court believes that these case numbers correspond to cases in Orange County Superior Court, Case Nos. 02HM09691, NBP088859, and 53506CM. This action is hereby REMANDED to Orange County Superior Court.

The Clerk shall serve this minute order on all parties to the action.